**Feng Chai WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF**

**60**

JUSTICE, **Alberto Gonzales,\* United States Attorney General, Respondents.**

**No. 04–3123–AG.**

United States Court of Appeals, Second Circuit.

Dec. 20, 2005.

Bruno Joseph Bembi, Hempstead, N.Y. (on submission), for Petitioner.

Barbara M. Zoccola, Assistant United States Attorney, for Terrell L. Harris, United States Attorney for the Western District of Tennessee, Memphis, Tenn. (on submission), for Respondent.

Present: Hon. Guido CALABRESI, Hon. B.D. PARKER, and Hon. Richard C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Feng Chai Wang ("Wang"), a native and citizen of the People's Republic of China, petitions for review of the denial by an Immigration Judge ("IJ") of her motion to reopen removal proceedings and rescind an *in absentia* removal order entered against her. The IJ denied the motion to reopen on the ground that Wang had failed to demonstrate "exceptional circumstances" beyond her control that excused her non-attendance. The Board of Immigration Appeals ("BIA") affirmed, without opinion, the results of the IJ's decision. *See* 8 C.F.R. § 1003.1(e)(4). We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). When the BIA summarily affirms an IJ's decision, we review the decision of the IJ directly. *Shi Liang Lin v. U.S. Dep't of Justice*, 416 F.3d 184, 189 (2d Cir.2005). We will find an abuse of discretion where an IJ's denial of the motion "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted Attorney General Alberto Gonzales for former Attorney General John Ashcroft as a respondent in this case.

statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao,* 265 F.3d at 93 (internal citations omitted).

The IJ acted within his discretion in denying Wang's motion to reopen. With limited exceptions not relevant to Wang's case, the Immigration and Nationality Act ("INA") permits rescission of an *in absentia* order of removal only upon a timely motion to reopen in which the alien demonstrates "exceptional circumstances," such as "serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances" beyond the alien's control.[1] 8 U.S.C. §§ 1229a(b)(5)(C)(i), 1229a(e)(1).

Wang does not argue on appeal that her failure to appear was caused by "exceptional circumstances." Rather, she argues that the IJ should have considered whether traffic delays and the fact that her car service driver got lost constituted "good cause" to waive her presence, pursuant to 8 C.F.R. § 1003.25. Her argument is unavailing. The INA permits waiver of an alien's presence at a hearing only when agreed to by the parties. 8 U.S.C. § 1229a(b)(2)(A)(ii). The regulation Wang cites states that "good cause" must be shown in order for a waiver to be valid, but does not *require* the IJ to waive the alien's presence or to consider alternatives *sua sponte.* And we find no evidence in the record, nor does Wang point us to any, that either she or her attorney requested either a telephone conference or a continuance. *See Jian Jun Tang v. Ashcroft,* 354 F.3d 1192, 1195 (10th Cir.2003) (refusing to excuse an alien's failure to appear at a hearing where neither the alien nor his attorney "made arrangements with the Immigration Court to waive [his] attendance at the hearing or to attend the hearing telephonically"). Rather, Wang, through her counsel, received notice of the hearing and failed to attend. Under the circumstances, we cannot say that the IJ abused his discretion. *See* 8 U.S.C. § 1229a(b)(5)(A).

We have considered all of Wang's remaining arguments and find them to be without merit. The petition for review and motion for stay of removal are therefore DENIED.

---

1. An *in absentia* removal order also may be rescinded upon a motion to reopen made at any time if the alien demonstrates that she did not receive adequate notice of the hearing, or was unable to attend because she was in state or federal custody. 8 U.S.C. § 1229a(b)(5)(C)(ii).